Mosey v Office of Ct. Admin.

2026 NY Slip Op 02538

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

HON. ACEA M. MOSEY, PETITIONER-PLAINTIFF-RESPONDENT,

v

OFFICE OF COURT ADMINISTRATION, RESPONDENT-DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

194 CA 25-00553

Present: Lindley, J.P., Smith, Greenwood, And Delconte, JJ.

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (PATRICK A. WOODS OF COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT.

FEATHERSTONHAUGH, CLYNE & MCCARDLE, LLP, ALBANY (JAMES D. FEATHERSTONHAUGH OF COUNSEL), FOR PETITIONER-PLAINTIFF-RESPONDENT.

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered September 10, 2024, in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The judgment, inter alia, declared that the term nonjudicial personnel in Judiciary Law § 211 (1) (d) does not apply to Chief Clerks and Deputy Chief Clerks in Surrogates' Courts.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the decretal paragraphs are vacated, the petition-complaint insofar as it seeks relief pursuant to CPLR article 78 is denied, and judgment is granted in favor of respondent-defendant as follows:

It is ADJUDGED and DECLARED that: (1) the term "nonjudicial personnel" in Judiciary Law § 211 (1) (d) applies to and includes the Chief Clerks and Deputy Chief Clerks of the Surrogates' Courts of the State of New York; (2) article VI, § 28 of the New York Constitution supersedes sections 2605 and 2606 of the Surrogate's Court Procedure Act; and (3) Judiciary Law § 211 and 22 NYCRR 80.1, through the authority of article VI, § 28 of the New York Constitution, vest the Chief Administrator of the Courts with the power and authority to appoint the Chief Clerks and Deputy Chief Clerks of the Surrogates' Courts of the State of New York to the exclusion of the Surrogates.

Memorandum: This hybrid CPLR article 78 proceeding and declaratory judgment action arises from a dispute between petitioner-plaintiff (plaintiff), who is the Erie County Surrogate, and respondent-defendant (defendant) over who has the authority to appoint the Chief Clerks and Deputy Chief Clerks of the Surrogates' Courts—the respective local Surrogates or the Chief Administrator of the Courts (Chief Administrator). Plaintiff commenced this proceeding-action seeking, inter alia, a declaration that she held the authority to make appointments to the Chief Clerk and Deputy Chief Clerk positions in Erie County Surrogate's Court. Supreme Court agreed with plaintiff and, inter alia, granted declaratory relief effectively providing her with the relevant appointment authority to the exclusion of the Chief Administrator. We reverse inasmuch as we conclude that the Chief Administrator, to the exclusion of the respective Surrogates, possesses the power and authority to appoint the Chief Clerks and Deputy Chief Clerks of the Surrogates' Courts.

It is undisputed that the plain terms of Surrogate's Court Procedure Act article 26, enacted in 1966, placed the authority to appoint the Chief Clerks and Deputy Chief Clerks with the respective Surrogates (see SCPA 2605 [1], [2]). Notwithstanding that statutory provision, however, New York Constitution, article VI, § 28, effective in 1977, "expressly vests the Chief Administrator, on behalf of the Chief Judge, with the broad power to supervise the [*2]administration and operation of the Unified Court System" (Matter of Met Council v Crosson, 84 NY2d 328, 334-335 [1994]). The Unified Court System includes the Surrogates' Courts (see NY Const, art VI, § 1). "The powers of the Chief Judge are said to be 'complete' and may be exercised fully by the Chief Administrator on behalf of the Chief Judge" (Met Council, 84 NY2d at 335). On behalf of the Chief Judge, those powers include the power to appoint and remove "all nonjudicial officers and employees" with exceptions not presently relevant (22 NYCRR 80.1 [b] [3]; see Judiciary Law § 211 [1] [d]; see also Met Council, 84 NY2d at 335).

Although the Chief Clerks and Deputy Chief Clerks of the Surrogates' Courts possess significant authority, we agree with defendant that they are, nevertheless, nonjudicial officers. The Chief Clerks, for example, have the authority to sign papers or records of the courts, to adjourn matters, to administer oaths, to supervise disclosure and, in certain circumstances, to hear and report matters to the Surrogates (see SCPA 506 [6] [a]; 2609). Such responsibilities, however, are akin to those of referees (see SCPA 506; CPLR 4201), which are themselves "nonjudicial officers of the court appointed to assist it in the performance of its judicial functions" (Met Council, 84 NY2d at 332; see generally CPLR 4312 [5]; People v Davis, 13 NY3d 17, 25-26 [2009]). Thus, given the "nature of the position[s]," we agree with defendant that the Chief Clerks and Deputy Chief Clerks of the Surrogates' Courts are nonjudicial positions and, "[a]s such, they are subject to the constitutional appointment power of the Chief Administrator, notwithstanding [article 26 of the Surrogate's Court Procedure Act]. Since the appointment powers of the Chief Administrator flow from the State Constitution, they cannot be abrogated by statute" (Met Council, 84 NY2d at 335).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court